**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:09CV-P72-M**

**CHRISTOPHER STEPHEN EDGE**                                                                **PLAINTIFF**

**v.**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Christopher Stephen Edge filed a *pro se* complaint pursuant to 42 U.S.C. § 1983

against Defendants Daviess County Detention Center (DCDC) and Deputy Hardy of DCDC.

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, the Court will dismiss the action.

**I.  SUMMARY OF CLAIMS**

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center.  In

his complaint, Plaintiff reports that he was arrested on August 1, 2009, for a probation violation.

He states that upon booking he made verbal and written requests for "medical treatment for a

motor cycle accident that I had recently had."  Plaintiff did not receive medical treatment, and he

states that, "I feel my right for medical treatment was denied."

Plaintiff also reports in the complaint an apparently unrelated incident, which he

describes as follows:

> On 8/23/09 Deputy Hardy here at the Daviess County Detention
> Center came into cell C-106 at apoxamently 9:00 or 9:20 to get an
> Inmates things from his bunk and we noticed that Deputy Hardy

>   had his gun on his hip.  My life was put in danger when Mr. Hardy
>   had intered this cell with his pistol on his side.

Plaintiff seeks unspecified damages as relief.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.      Daviess County Detention Center**

Plaintiff sues the Daviess County Detention Center.  However, the Daviess County Detention Center is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, it is Daviess County that is the proper defendant.  *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the

Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Daviess County is a "person" for purposes of § 1983.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  The Court will therefore construe the claim against the Daviess County Detention Center as brought against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan*

4

*v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that he was denied medical treatment and that Defendant Deputy Hardy entered his cell with his gun on his hip putting his life in danger. Plaintiff has not alleged that Defendants acted pursuant to a governmental policy or custom in causing his alleged harm.  The incidents alleged in Plaintiff's complaint appear to be isolated occurrences.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  As nothing in the complaint demonstrates that the actions alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.  Thus, Plaintiff's claim against the Daviess County Detention Center for failure to provide medical treatment and any claims against it related to the actions of Deputy Hardy will be dismissed.

**B.**   **Deputy Hardy**

As a preliminary matter, the Court notes that Plaintiff fails to specify in which capacity he sues Defendant Hardy.  "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether a defendant has been notified of the potential for individual liability.  *Moore v. City of Harriman*, 272 F.3d 769, 773

(6th Cir. 2001).  While an individual-capacity claim seeks to hold an individual defendant liable

for his own actions, an official-capacity claim seeks to hold the municipality liable for its

actions.

In the present case, the complaint is devoid of any indication that Defendant Hardy has been

sued in his individual capacity.  Thus, absent indication to the contrary, the Court must presume

that Defendant Hardy is being sued in his official capacity.  Regardless of the capacity in which

Plaintiff seeks relief, however, the claims against Defendant Hardy must be dismissed.

An official-capacity claim against Defendant Hardy is actually a claim against his

employer, Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating

that civil rights suit against county clerk of courts in his official capacity was equivalent of suing

clerk's employer, the county).  Therefore, an official-capacity claim against Defendant Hardy

fails for the same reasons as the claim against the Daviess County Detention Center fails.  That

is,  Plaintiff does not assert that Deputy Hardy acted pursuant to a municipal policy or custom

implemented or endorsed by Daviess County.  *See Deaton*, 989 F.2d at 889.  Therefore, Plaintiff

fails to state a cognizable official-capacity claim against Defendant Hardy, and such claim will

be dismissed.

With regard to any individual-capacity claim, it appears that Plaintiff's claim against

Defendant Hardy is that he failed to ensure Plaintiff's safety in bringing the gun into his cell.  As

a general principle, a prison guard has a duty under the Eighth Amendment[1] to ensure the

"reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  A prison

---

[1]The Eighth Amendment to the United States Constitution provides:  "Excessive bail
shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
U.S. CONST. amend VIII.

6

official is liable for failing to protect an inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Neither the Eighth Amendment nor the Due Process Clause of the Fourteenth Amendment is implicated by an official's mere negligent acts where no deliberate indifference is alleged by the plaintiff.  *Daniels v. Williams*, 474 U.S. 327 (1986).  In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed.  Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person.  To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law . . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is constitutionally required."

*Id*. at 332 (internal citations omitted).

In his complaint, Plaintiff alleges a single occasion when Defendant Hardy entered his cell with his gun on his hip.  He does not claim that this was a repeated or recurrent event or that he was injured in any way as a result.  Upon review, Defendant Hardy's one-time lapse did not present an "excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  The allegations simply do not constitute more than a single negligent act by Defendant Hardy which does not give rise to a constitutional claim.[2]  Consequently, an individual-capacity claim against

---

[2]Plaintiff makes no allegations against Defendant Hardy with respect to his claim of denial of medical treatment.

Defendant Hardy would also be dismissed for failure to state a claim upon which relief may be granted.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Daviess County Attorney
4414.010